IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| **HIGH QUALITY PRINTING INVENTIONS, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**123PRINT, INC., CARDSDIRECT INC. also d/b/a BROOKHOLLOW CARDS, EVERGLADES DIRECT, INC. d/b/a HRDIRECT, PAPERDIRECT, INC., PEAR TREE GREETINGS, INC., and THAYER PUBLISHING, INC. d/b/a CORDIAL GREETINGS,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** ) | **Civil Action No. _____**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff High Quality Printing Inventions, LLC, for its Complaint against Defendants 123Print, Inc.; CardsDirect Inc. also d/b/a Brookhollow Cards; Everglades Direct, Inc. d/b/a HRdirect; PaperDirect, Inc.; Pear Tree Greetings, Inc.; and Thayer Publishing, Inc. d/b/a Cordial Greetings (collectively, "Defendants"), states as follows:

### I. THE PARTIES

1. Plaintiff High Quality Printing Inventions, LLC ("HQPI") is a Delaware limited liability company.

2. Upon information and belief, Defendant 123Print, Inc. ("123Print") is a Minnesota corporation with its registered place of business and principal executive office address located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Upon information and

belief, 123Print does business in Minnesota, including in this district. 123Print may be served with process through service upon its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process, located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Attached hereto as **Exhibit 1** is a true and correct copy of a screenshot of 123Print's business record details available from the Minnesota Business & Lien System, Office of the Minnesota Secretary of State.

3. Upon information and belief, Defendant CardsDirect, Inc., also d/b/a Brookhollow Cards (together, "CardsDirect") is a Minnesota corporation with its registered place of business and principal executive office address located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Upon information and belief, CardsDirect does business in Minnesota, including in this district. CardsDirect may be served with process through service upon its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process, located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Attached hereto as collective **Exhibit 2** is a true and correct copy of a screenshot of CardsDirect's business record details available from the Minnesota Business & Lien System, Office of the Minnesota Secretary of State, including its registration of "Brookhollow" as an assumed name.

4. Upon information and belief, Defendant Everglades Direct, Inc. d/b/a HRdirect ("HRdirect") is a Minnesota corporation with its registered place of business and principal executive office address located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Upon information and belief, HRdirect does business in Minnesota, including in this district. HRdirect may be served with process through service upon its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process,

located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Attached hereto as collective **Exhibit 3** is a true and correct copy of a screenshot of HRdirect's business record details available from the Minnesota Business & Lien System, Office of the Minnesota Secretary of State.

5. Upon information and belief, Defendant PaperDirect, Inc. ("PaperDirect") is a Minnesota corporation with its registered place of business and principal executive office address located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Upon information and belief, PaperDirect does business in Minnesota, including in this district. PaperDirect may be served with process through service upon its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process, located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Attached hereto as collective **Exhibit 4** is a true and correct copy of a screenshot of PaperDirect's business record details available from the Minnesota Business & Lien System, Office of the Minnesota Secretary of State.

6. Upon information and belief, Defendant Pear Tree Greetings, Inc. ("Pear Tree Greetings") is a Minnesota corporation with its registered place of business and principal executive office address located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Upon information and belief, Pear Tree Greetings does business in Minnesota, including in this district. Pear Tree Greetings may be served with process through service upon its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process, located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Attached hereto as collective **Exhibit 5** is a true and correct copy of a screenshot of Pear Tree Greetings' business record details available from the Minnesota Business & Lien System, Office of the Minnesota Secretary of State.

7. Upon information and belief, Defendant Thayer Publishing, Inc. d/b/a Cordial Greetings ("Cordial Greetings") is a Minnesota corporation with its registered place of business and principal executive office address located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Upon information and belief, Cordial Greetings does business in Minnesota, including in this district. Cordial Greetings may be served with process through service upon its officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process, located at 1725 Roe Crest Drive, North Mankato, Minnesota 56003. Attached hereto as collective **Exhibit 6** is a true and correct copy of a screenshot of Cordial Greeting's business record details available from the Minnesota Business & Lien System, Office of the Minnesota Secretary of State.

8. Upon information and belief, Defendants are related entities because they are each subsidiaries of Taylor Corporation, which has its registered place of business and principal executive office address located at 1725 Roe Crest Drive, North Mankato, Minnesota 56001. According to Taylor Corporation's website located at www.taylorcorp.com, the Taylor Corporation family of companies "draw[s] upon the strengths and capabilities of multiple Taylor companies to create bundled services that satisfy our customer's business objectives and position them for long term growth." A true and correct copy of a screenshot of Taylor Corporation's "Our Companies" webpage is attached hereto as **Exhibit 7**.

9. Defendants further share the same registered office addresses and principal executive office addresses as demonstrated by their respective filings with the Minnesota Business & Lien System, Office of the Minnesota Secretary of State.

10. Further, Defendants each share a common Copyright Agent located at 1725 Roe Crest Drive, North Mankato, Minnesota 56001, as demonstrated by each Defendant's Terms of

Use. True and correct copies of screenshots of Defendants' respective Terms of Use webpages are attached hereto as collective **Exhibit 8**.

## II.  NATURE OF ACTION

11. This is a patent infringement action to stop Defendants' infringement of U.S. Patent No. 6,012,070 (the "'070 Patent").

## III.  JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Patent Laws of the United States, United States Code, Title 35.

13. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have a regular and established place of business in this district, have transacted business in this district, and/or have committed acts of patent infringement in this district.

14. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Minnesota Long Arm Statute, due at least to their substantial business in this forum including but not limited to: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Minnesota and in this district.

## IV.  GENERAL SUMMARY OF THE TECHNOLOGY AT ISSUE

15. The invention in the '070 Patent relates generally to the field of publishing and printing.

16. More specifically, the invention relates to systems and methods of producing customized business forms or brochures.

17. According to the invention in the '070 Patent, an end user, without layout experience, by using a plurality of templates can replace text, can choose low resolution pictures from the graphic templates, and can create customized, quality documents. The documents in electronic format may then be readily transported (*e.g.*, electronically over phone lines) to a printing facility where physical documents can be automatically created with quick turnaround full process color high resolution printing.

18. Thus, the invention relates to a method of producing business forms or brochures, and doing so by only displaying low resolution graphics at the user station, yet producing the final product with high resolution graphics.

## V. CAUSES OF ACTION

### COUNT I

19. HQPI incorporates the preceding paragraphs as though fully set forth herein.

20. HQPI owns, by assignment, the '070 Patent entitled "Digital Design Station Procedure." A true and correct copy of the '070 Patent is attached hereto as **Exhibit 9**.

21. Upon information and belief, 123Print, CardsDirect, HRdirect, PaperDirect, and Cordial Greetings, in violation of 35 U.S.C. § 271, have infringed, literally or through the doctrine of equivalents, and continue to infringe at least claim 1 of the '070 Patent through 123Print's, CardsDirect's, HRdirect's, PaperDirect's, and Cordial Greetings' respectively using methods of producing customized business forms or brochures using a plurality of low resolution graphics templates in electronic form, and a plurality of text templates, using a user station including a video monitor, selection device, and processor, and selling and offering services that include this method (the "Infringing Services").

22. Upon information and belief, 123Print, CardsDirect, HRdirect, PaperDirect, Pear Tree Greetings, and Cordial Greetings, in violation of 35 U.S.C. § 271, have infringed, literally

or through the doctrine of equivalents, and continue to infringe at least claim 20 of the '070 Patent through 123Print's, CardsDirect's, HRdirect's, PaperDirect's, Pear Tree Greetings', and Cordial Greetings' respectively using methods of producing customized business forms or brochures using a plurality of low resolution graphics templates in electronic form at a user station including a video monitor, selection device, and processor, and selling and offering services that include this method (also the "Infringing Services").

23. 123Print's Exemplary Infringing Services include, without limitation, 123Print's online customizable design and printing services offered on its website located at http://www.123print.com/, including but not limited to services offered specifically at http://www.123print.com/products.aspx. 123Print advertises and offers online customizable design and printing services, including its "Start Customizing" customizable design editor tool, through which customers can select templates provided by 123Print to create customized business forms, brochures, and other documents, to be printed in high resolution by 123Print.

24. CardsDirect's Exemplary Infringing Services include, without limitation, CardsDirect's online personalized design and printing services offered on its websites located at http://www.cardsdirect.com/ and http://www.brookhollowcards.com/, including but not limited to services offered specifically at http://www.cardsdirect.com/business-products.aspx, http://www.cardsdirect.com/holiday/christmas/corporatechristmascards.aspx, http://www.cardsdirect.com/shop/business-holiday.aspx, http://www.cardsdirect.com/shop/corporate-greetings.aspx, and http://www.brookhollowcards.com/all-products.aspx , among others. CardsDirect advertises and offers its online personalized design and printing services, including its "Start Customizing" customizable design editor tool, through which customers can select templates provided by

CardsDirect to create customized business forms, brochures, and other documents, to be printed in high resolution by CardsDirect.

25. HRdirect's Exemplary Infringing Services include, without limitation, HRdirect's online design and printing services offered on its website located at http://www.hrdirect.com/, including but not limited to services offered specifically at http://www.hrdirect.com/greeting-cards?catpath=allgreetingcards%28vhrdirect%29.4.1, among others. HRdirect advertises and offers its online design and printing services, including its "Personalization Center" tool, through which customers can select templates provided by HRdirect to create customized business forms, brochures, and other documents, to be printed in high resolution by HRdirect.

26. PaperDirect's Exemplary Infringing Services include, without limitation, PaperDirect's online design and professional custom printing services offered on its website located at http://www.paperdirect.com, including but not limited to services offered specifically at http://www.paperdirect.com/Custom-Printing, http://www.paperdirect.com/Brochures, http://www.paperdirect.com/Business-Cards, http://www.paperdirect.com/Greeting-Cards, http://www.paperdirect.com/Invitations, and http://www.paperdirect.com/Postcards, among others. PaperDirect advertises and offers its online design and professional custom printing services, including its "Design Editor" tool, through which customers can select templates provided by PaperDirect to create customized business forms, brochures, and other documents, to be printed in high resolution by PaperDirect.

27. Pear Tree Greetings' Exemplary Infringing Services include, without limitation, Pear Tree Greetings' online "easy to personalize" design and printing services offered on its website located at http://www.peartreegreetings.com/, including but not limited to services offered specifically at http://www.peartreegreetings.com/Holiday-Cards/Business-Holiday-

Cards/index.cat and http://www.peartreegreetings.com/Stationery/index.cat, among others. Pear Tree Greetings advertises and offers its online "easy to personalize" design and printing services, including its "Edit Mode" personalization tool, through which customers can select templates provided by Pear Tree Greetings to create customized business forms, brochures, and other documents, to be printed in high resolution by Pear Tree Greetings.

28. Cordial Greetings' Exemplary Infringing Services include, without limitation, Cordial Greetings' online personalized design and printing services offered on its website located at http://www.cordialgreetings.com/, including but not limited to services offered specifically at http://www.cordialgreetings.com/cards, http://www.cordialgreetings.com/cards/greeting-cards, http://www.cordialgreetings.com/cards/expression-collection, http://www.cordialgreetings.com/cards/calendar-greeting-cards, http://www.cordialgreetings.com/cards/postcards, http://www.cordialgreetings.com/calendars, and http://www.cordialgreetings.com/promotional-products, among others. Cordial Greetings advertises and offers its online personalized design and printing services, including its "Customize Your Imprint!" customization tool, through which customers can select templates provided by Cordial Greetings to create customized business forms, brochures, and other documents, to be printed in high resolution by Cordial Greetings.

29. The steps of the invention disclosed in the '070 Patent that are practiced at the user station, even if performed by a separate actor (*e.g.*, a customer), are attributable to each respective Defendant, such that each respective Defendant is responsible for the infringement.

30. All steps of the claimed methods are performed by or attributable to each respective Defendant because, upon information and belief, each respective Defendant directs or controls its customers' performance of certain method steps.

31. Upon information and belief, each respective Defendant directs or controls the performance of those steps performed at the user station because each respective Defendant conditions participation in an activity or receipt of a benefit upon performance of a step or steps of the patented method and establishes the manner or timing of that performance.

32. Upon information and belief, each respective Defendant conditions customers' use of its services, including the use of its templates, upon customers' performance of the steps practiced at the user station (*e.g.*, selecting one or more templates to create a customized document in electronic format, electronically saving the customized document in electronic format, and transmitting the saved customized document to the printing installation without transmitting a document, physical graphics, or templates from the user station).

33. Upon information and belief, each respective Defendant requires its customers to sign a contract and/or agree to certain terms of use that delineates the steps customers must perform if they use that Defendant's services, including the use of its templates.

34. Upon information and belief, each respective Defendant establishes the manner or timing of its customers' performance by providing instructions regarding how to use that Defendant's services, including the use of its templates, and providing customer support services if the customer experiences any problems.

35. Upon information and belief, if each respective Defendant's precise steps are not followed, that Defendant's services may not be available or may be delayed.

36. Thus, upon information and belief, each respective Defendant's customers do not merely take that Defendant's guidance and act independently on their own, but rather, each respective Defendant establishes the manner and timing of its customers' performance so that

customers can only avail themselves of that Defendant's services, including the use of its templates, upon their performance of the method steps.

37. Defendants have not given their respective Infringing Services a specific and publicly-available name. Accordingly, Plaintiff cannot provide the respective name(s) used by each respective Defendant for such services without the benefit of discovery.

38. Each respective Defendant has sufficient experience and knowledge of digital design station technology generally, and of its respective systems and methods specifically, to determine which of its respective systems and methods produce customized business forms, brochures, and other documents through the use of low resolution graphics templates and text templates.

39. Each respective Defendant has sufficient experience and knowledge of digital design station technology generally, and of its respective systems and methods specifically, to determine which of its systems and methods do not produce customized business forms, brochures, and other documents through the use of low resolution graphics templates and text templates.

40. Each respective Defendant further infringes the applicable claim(s) of the '070 Patent by making, offering for sale, and selling products made through use of the method(s) claimed therein.

41. On information and belief, each respective Defendant will continue to infringe the '070 Patent unless enjoined by this Court.

42. HQPI reserves the right to assert willful infringement of the '070 Patent if discovery reveals that any Defendant's infringement of the '070 Patent is, has been, and/or continues to be willful and deliberate.

43. As a direct and proximate result of Defendants' infringement of the '070 Patent, HQPI has been and continues to be damaged in an amount yet to be determined.

44. Unless Defendants' ongoing infringement is enjoined, HQPI will suffer irreparable injury for which there is no adequate remedy at law.

45. This is an exceptional case such that HQPI should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by any Defendant.

## VI. REQUEST FOR RELIEF

Wherefore, HQPI requests the following relief:

1. A judgment in favor of HQPI that each Defendant has each infringed at least claims 1 and/or 20 of the '070 Patent;

2. A permanent injunction enjoining each respective Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all other actors acting in active concert therewith from infringing the '070 Patent;

3. A judgment and order requiring each respective Defendant to pay HQPI its damages in an amount not less than a reasonable royalty, treble damages, costs, expenses, and prejudgment and post-judgment interest for that Defendant's infringement of the '070 Patent, as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to HQPI its reasonable attorney fees and expenses; and

5. Any and all other relief that the Court deems just and proper.

## VII. JURY DEMAND

HQPI requests a jury for all issues so triable.

Respectfully submitted,

s/ Karin Ciano
Karin Ciano
Karin Ciano Law PLLC
310 Fourth Avenue South, Suite 5010
Minneapolis, MN 55415
Telephone: (612) 367-7135
Facsimile: (612) 437-4440
Email: karin@karincianolaw.com

*Counsel for Plaintiff High Quality Printing Inventions, LLC*